**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION**

| | |
|---|---|
| Harold Scott, )<br>)<br>　　　　　Plaintiff, )<br>)<br>V. )<br>)<br>Canadian Pacific Railway Corporation, )<br>Soo Line Railroad Company, )<br>Dakota, Minnesota & Eastern Railroad )<br>Corporation, )<br>Iowa, Chicago & Eastern )<br>Railroad Corporation )<br>　　　　　Defendants. ) | TRIAL BY JURY DEMANDED |

**COMPLAINT AT LAW**

　　　NOW COMES the Plaintiff, Harold Scott by and through his attorneys, Theodore J. Priester, William J. McMahon and Hoey & Farina, and for his Complaint against the Defendants, Canadian Pacific Railway Corporation, Soo Line Railroad Company, Dakota, Minnesota & Eastern Railroad Corporation, Iowa, Chicago & Eastern Railroad Corporation (hereinafter "the Railroad"), states as follows:

1. This action arises under and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, Title 45 U.S. Code, § 51 et seq.

2. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code § 56 and Title 28 U.S. Code § 1331.

3. On and before February 7, 2005, Plaintiff was an employee of Defendant Iowa, Chicago & Eastern Railroad Corporation (IC&E).

4. Pleading in the alterative, Defendants, Canadian Pacific Railway Corporation, Soo Line Railroad Company, and Dakota, Minnesota & Eastern Railroad Corporation, are the successors in interest of the IC&E.

5. On February 07, 2005, and at all pertinent times, Defendants Canadian Pacific Railway Corporation, Soo Line Railroad Company, Dakota, Minnesota & Eastern Railroad Corporation, and Iowa, Chicago & Eastern Railroad Corporation (hereafter "the Railroad") were and are railroad corporations doing business in the State of Iowa.

6. On February 07, 2005, Defendant Railroad owned and operated a railroad in Interstate Commerce.

7. On and before February 7, 2005, Plaintiff was an employee of Defendant Railroad.

8. That on February 7, 2005, Plaintiff was required by Defendant Railroad, in the normal course of his duties, to work in and around Bankston, Iowa.

9. At all pertinent times, Plaintiff was performing work for Defendant Railroad in connection with or in furtherance of Defendant Railroad's business of interstate commerce.

10. It was the continuing duty of Defendant Railroad, as his employer, at that time and place, to use ordinary care in furnishing Plaintiff with a reasonably safe place to work.

11. On February 7, 2005, Defendant Railroad owned a certain vehicle, 1991 Chevrolet Pickup Truck –Iowa plate # 974MAN, VIN# 1GBGC24K3ME2057.

12. On February 7, 2005, Defendant Railroad ordered plaintiff in the course of his job duties to operate this 1991 Chevrolet Pickup Truck –Iowa plate # 974MAN, VIN# 1GBGC24K3ME2057.

13. In the course of his duties on February 7, 2005 while on duty, Plaintiff applied the brakes of the said vehicle, the brakes of the said vehicle failed and Plaintiff's vehicle with plaintiff inside was struck by another vehicle. Plaintiff was injured in the collision.

14. In violation of its duty, Defendant Railroad negligently and carelessly failed to provide Plaintiff with a safe place to work by one or more of the following negligent acts or omissions:

    a. failed to provide a safe place to work;
    b. failed to warn plaintiff of an unsafe condition;
    c. failed to warn plaintiff of a serious defect in its vehicle;
    d. failed to inspect its vehicle;
    e. failed to maintain its vehicle;
    f. failed to promulgate necessary safety rules;
    g. failed to enforce safety rules; and
    h. was otherwise negligent and careless.

15. Defendant Railroad's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, the Plaintiff's injuries.

16. As a consequence, Plaintiff incurred injuries which have caused and will continue to cause him great pain suffering, inconvenience, anguish, and disability.  As a further result, Plaintiff has been and, in the future, will be kept from attending to his ordinary affairs and duties and has lost and will continue to lose great gains in wages and benefits which he otherwise would have made and acquired.  As a further result, Plaintiff has

incurred medical, hospital, and related expenses and is reasonably certain to incur further medical, hospital, and related expenses in the future.

17. Plaintiff requests trial by jury.

WHEREFORE, Plaintiff HAROLD SCOTT demands judgment in his favor and against Defendant Railroad, in a sum to be determined by the jury plus the costs of this suit.

Respectfully submitted,

/s/Theodore J. Priester
Theodore J. Priester
601 Brady Street, Suite 220
Davenport, IA 52803
Ph: 563-322-5386
Fax: 563-322-6222

and

/s/William J. McMahon
William J. McMahon
HOEY & FARINA
542 South Dearborn Street, Suite 200
Chicago, Illinois 60605
Ph: 312-939-1212
Fax: 312-939-7842